STATE OF MAINE
HANCOCK, ss.
SUPERIOR COURT
DOCKET NO. HANSC-CIV-26-37

GERALD P. ERBES,
*Plaintiff, Pro Se,*
v.
TENANTS OF THE MUNICIPALITY OF THE TOWN OF SULLIVAN,
SULLIVAN SELECTBOARD,
MIKE HOSKING, in his official capacity as Chairman and his individual capacity,
MIKE PINKHAM, in his official capacity as Assistant Chairman and his individual capacity, and
GREG RING, in his official and individual capacities,
*Defendants.*

COMPLAINT AND JURY DEMAND
*(Civil Action Filed under Civil Rights)*

---

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to the Maine Civil Rights Act (5 M.R.S. § 4682) and 42 U.S.C. § 1983 to redress the deprivation of rights secured to the Plaintiff by Article I, Sections 4 and 15 of the Maine Constitution, and the First and Fourteenth Amendments to the United States Constitution.
2. Plaintiff Gerald P. Erbes, appearing pro se to represent himself, seeks declaratory relief, injunctive relief, and damages against the TENANTS OF THE MUNICIPALITY OF THE TOWN OF SULLIVAN and individual members of its Select board for unlawfully restricting, censoring, and retaliating against Plaintiff's protected speech.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 4 M.R.S. § 105 (general jurisdiction of the Superior Court) and 5 M.R.S. § 4682 (Maine Civil Rights Act actions).
4. Venue is proper in Hancock County pursuant to 14 M.R.S. § 501 because the Plaintiff resides in Hancock County, the Defendant municipality is located in Hancock County, the individual Defendants reside or do business in Hancock County, and all of the events giving rise to this claim occurred in the Town of Sullivan, Hancock County, Maine.

## III. PARTIES

5. Plaintiff, Gerald P. Erbes, is an adult resident of the Town of Sullivan, Maine, residing at 150 Tunk Lake Rd., Sullivan, ME 04664, and is representing himself pro se in this action.
6. Defendant, TENANTS OF THE MUNICIPALITY OF THE TOWN OF SULLIVAN, is a municipality and a political subdivision of the State of Maine, organized as a statutory

town without a charter under Maine Title 30-A. The municipality acts through its elected Select board, which constitutes the final policymaking authority for the jurisdiction.

7. Defendant Mike Hosking is a duly elected member and the Chairman of the Sullivan Select board, and is sued in his official capacity and his individual capacity.
8. Defendant Mike Pinkham is a duly elected member and the Assistant Chairman of the Sullivan Select board, and is sued in his official capacity and his individual capacity.
9. Defendant Greg Ring is a duly elected member of the Sullivan Select board and is sued in his official and individual capacities.

**IV. FACTUAL ALLEGATIONS**

10. On August 17, 2026, Plaintiff Gerald P. Erbes attended a regularly scheduled, publicly noticed meeting of the Sullivan Select board.
11. Plaintiff Gerald P. Erbes raised his hand during the public comment portion of the meeting and was officially recognized to speak at approximately the 57-minute mark of the meeting video.
12. As a statutory town operating strictly under Maine Title 30-A with no charter, any informal board policies used to restrict public expression do not carry the legal force of an enacted rule or municipal ordinance.
13. Plaintiff's speech and right to petition the local government are protected under Article I of the Maine Constitution and the First Amendment to the United States Constitution.
14. Shortly after being recognized and commencing his remarks, Plaintiff was abruptly interrupted and shut down by Defendant Chairman Mike Hosking, who refused to allow Plaintiff to finish speaking.
15. Rather than allowing Plaintiff to speak or enforcing a neutral, lawful restriction, the Sullivan Select board collectively and unanimously voted to abruptly enter a recess for the explicit purpose of stopping Plaintiff from speaking.
16. In an effort to clarify the legislative record, Plaintiff Gerald P. Erbes openly asked the Select board to confirm whether the purpose of the voting recess was to silence Plaintiff's public comment.
17. Defendant and Select board Chairman Mike Hosking, acting in his official capacity, spoke directly into the active municipal recording device and explicitly stated on the record that the board was entering a recess to silence the Plaintiff for violation of town policy.
18. This exchange and the admission by Defendant Chairman Hosking occurred at approximately the 59:50 mark of the official meeting recording, continuing until the video broadcast screen abruptly goes black.
19. The Select board's use of a tactical recess, premature termination of speech by the Chairman, and subsequent broadcast termination to suppress an individual citizen's speech constitutes unconstitutional, viewpoint-based censorship and a prior restraint on speech within a designated public forum.
20. The actions of the Defendants were a direct, intentional effort to suppress Plaintiff's speech, which successfully chilled and prevented Plaintiff Gerald P. Erbes from exercising his constitutional rights for the remainder of that public session.
21. As a proximate result of the actions taken within the jurisdiction of the TENANTS OF THE MUNICIPALITY OF THE TOWN OF SULLIVAN and its Select board, Plaintiff Gerald P. Erbes suffered a deprivation of constitutional liberties, severe emotional distress, public humiliation, and injury to his civil rights.

## V. CAUSES OF ACTION

### COUNT I

**Violation of the Maine Civil Rights Act (5 M.R.S. § 4682)**
*(Against All Defendants)*
22. Plaintiff incorporates all prior paragraphs by reference.
23. Article I, Section 4 of the Maine Constitution guarantees freedom of speech, and Section 15 guarantees the right to petition the government.
24. Defendants, acting under color of law, intentionally interfered by threat, intimidation, or coercion with Plaintiff Gerald P. Erbes's exercise and enjoyment of rights secured by the Constitution of Maine.
25. The unconstitutional custom, practice, or operational method governing the TENANTS OF THE MUNICIPALITY OF THE TOWN OF SULLIVAN and its Select board directly caused the violation of Plaintiff's state constitutional rights.

### COUNT II

**Violation of the First Amendment (42 U.S.C. § 1983)**
*(Against All Defendants)*
26. Plaintiff incorporates all prior paragraphs by reference.
27. Plaintiff Gerald P. Erbes's speech and petitioning of the local government were protected by the First Amendment to the United States Constitution.
28. Defendants, acting under color of state law, intentionally and unjustifiably suppressed Plaintiff's speech and retaliated against Plaintiff for exercising his federal constitutional rights.
29. As a proximate result of Defendants' unconstitutional conduct, Plaintiff suffered legal injury and damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gerald P. Erbes respectfully requests that this Court enter judgment in his favor and grant the following relief:

- A. A declaratory judgment that Defendants' actions and practices violated Article I of the Maine Constitution and the First and Fourteenth Amendments to the U.S. Constitution;
- B. A permanent injunction restraining Defendants from enforcing unconstitutional restrictions on public speech or weaponizing meeting recesses against citizens during public comment periods;
- C. Compensatory damages against Defendants, jointly and severally, in the amount of $100,000.00 for severe emotional distress, public humiliation, mental anguish, and deprivation of constitutional liberties;
- D. Punitive damages against individual Defendants Mike Hosking, Mike Pinkham, and Greg Ring in their individual capacities for their intentional, bad-faith, and callous indifference to Plaintiff's clearly established constitutionally protected rights;
- E. An order requiring Defendants to issue a formal written public apology to Plaintiff, to be published prominently at the Defendants' expense in the local newspaper of record, *The Ellsworth American*;
- F. An award of reasonable attorney's fees and litigation costs pursuant to 5 M.R.S. § 4682 and 42 U.S.C. § 1988; and

- G. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff Gerald P. Erbes hereby demands a trial by jury on all issues so triable.

Dated: September 22, 2026

Respectfully submitted,

**Gerald P. Erbes, Pro Se**
150 Tunk Lake Rd.
Sullivan, ME 04664
207-664-8316
dirigocoins@yahoo.com